## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN MARSTON, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:23-cv-00807 (JAM) |
| | : | |
| FRANCESCO LUPIS, | : | |
| *Defendant*. | : | |

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

The plaintiff, Ryan Marston, is an unsentenced prisoner in the custody of the Connecticut Department of Correction ("DOC").[1] He brings this complaint *pro se* against Dr. Francesco Lupis under 42 U.S.C. § 1983, alleging that Lupis violated his constitutional rights by intentionally withholding necessary pain medication. The Court issues this initial review order pursuant to 28 U.S.C. § 1915A to allow the action to proceed against Dr. Lupis in his individual capacity.

### BACKGROUND

Marston is an unsentenced inmate with a well-documented history of mental illness, including bipolar disorder, post-traumatic stress disorder, and severe addiction.[2] He also suffers from chronic nerve pain stemming from an ATV accident.[3] He has been prescribed pain medication for ten years.[4]

---

[1] The Court may judicially notice a fact "that is not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, I take notice of records on the Connecticut DOC website indicating that Marston was last admitted to DOC on April 4, 2022, and is an unsentenced inmate housed at MacDougall-Walker Correctional Institution. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=368972 (last visited Nov. 9, 2023).

[2] Doc. #1 at 3 (¶ 2).

[3] *Id.* at 3 (¶ 3).

[4] *Id.* at 9 (¶ 27).

On December 31, 2022, Marston allegedly became depressed after he drank a cup of prison alcohol ("pruno").[5] He requested a consultation with the prison mental health staff, but was told that the staff was off work for the holiday.[6] Marston then covered his cell door window, attracting the attention of a correctional lieutenant.[7] After the lieutenant requested that he uncover the window, Marston allegedly told the lieutenant that he wanted to kill himself.[8] He proceeded to consume fifteen ibuprofen tablets in full view of the lieutenant and was taken to a Hartford hospital for treatment.[9]

Following his return from the hospital, Marston was denied his usual pain medication and muscle relaxants.[10] A nurse later explained to Marston that Dr. Lupis had canceled Marston's pain medication as punishment for his consumption of alcohol and suicide attempt.[11] Marston alleges that this denial of medication remained ongoing at the time of this suit.[12] He further asserts that he met with Dr. Lupis in April of 2023 for unrelated reasons, and that Dr. Lupis confirmed that he was intentionally withholding medication as a punishment for Marston's conduct.[13]

Without medication, Marston asserts that he suffers from excruciating pain.[14] He alleges that he filed an inmate grievance related to his claims on February 27, 2023 and that "Jericka B.," an administrative remedies coordinator, processed that grievance on April 1, 2023.[15]

---

[5] *Id.* at 8 (¶ 18).
[6] *Id.* at 8 (¶¶ 19-20).
[7] *Id.* at 8 (¶ 21).
[8] *Id.* at 8 (¶¶ 22-23).
[9] *Id.* at 8-9 (¶¶ 23, 26).
[10] *Id.* at 10-11 (¶¶ 29-32).
[11] *Id.* at 10-11 (¶ 32).
[12] *Id.* at 11 (¶ 34).
[13] *Id.* at 12 (¶ 36).
[14] *Id.* at 1.
[15] *Id.* at 6 (¶¶ 10-11).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a government entity or government actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A complaint may not survive an initial review under § 1915A unless it alleges facts that, taken as true, give rise to plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[16]

Marston alleges claims under the Eighth Amendment (deliberate indifference to medical needs), the First Amendment (retaliation), and for common law assault.[17] Since Marston is a pretrial detainee, I will consider his claim for medical indifference under the Fourteenth Amendment instead of the Eighth Amendment. *See Charles v. Orange Cnty.*, 925 F.3d 73, 85-86 (2d Cir. 2019) (pretrial detainee medical indifference claims fall under the Fourteenth Amendment); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (*pro se* complaints must be construed to raise the strongest arguments they suggest).

To prevail on his Fourteenth Amendment medical indifference claims, Marston must allege facts showing both that his medical need was objectively serious, and that Dr. Lupis acted with a sufficiently culpable mental state. *See id* at 86. To fulfill the first prong, the prisoner must allege that he has "a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Ibid.* (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). To meet the

---

[16] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[17] Doc. #1 at 2 (¶¶ 1A-C).

3

mental state requirement, the prisoner must allege that a defendant prison official acted with an actual awareness of a substantial risk that serious harm to the inmate will result. *See Spavone v. N.Y. State Dept. of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (Eighth Amendment context); *see also Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (Fourteenth Amendment context).

The complaint adequately alleges that Dr. Lupis was deliberately indifferent to Marston's medical needs. Chronic, excruciating pain qualifies as an "objectively serious" medical condition. *Brock v. Wright,* 315 F.3d 158, 163 (2d Cir. 2003). And if—as Marston alleges— Dr. Lupis intentionally denied the plaintiff necessary medical care in order to inflict punishment, he would possess a sufficiently culpable mental state. Accordingly, Marston has stated a plausible claim for deliberate indifference under the Fourteenth Amendment against Dr. Lupis in his individual capacity.

I will, however, dismiss Marston's other claims against Dr. Lupis. To prevail on a First Amendment retaliation claim, a plaintiff must show "'(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'" *Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)). Marston has not alleged the first element of this claim, because the activities that engendered the retaliation—drinking contraband alcohol and attempting suicide—are not conduct protected by the First Amendment. *See, e.g.*, *Washington v. Glucksberg*, 521 U.S. 702, 723, 735 (1997) (considering and rejecting a right to suicide under the Fourteenth Amendment); *Villeneuve v. Connecticut*, 2013 WL 588198, at *2-3 (D. Conn. 2013) (no First Amendment right to commit suicide).

4

Similarly, Marston has not alleged the elements of common law assault (or battery), because he nowhere claims that Dr. Lupis attempted, threaten, or engaged in harmful or offensive contact. *See Maselli v. Reg'l Sch. Dist. No. 10,* 198 Conn. App. 643, 659-60 (2020).

Finally, given the relief he seeks—money damages—the Eleventh Amendment bars Marston's claims against Dr. Lupis in his official capacity. *See, e.g.*, *Day v. Gallagher*, 151 F. Supp. 3d 253, 254 (D. Conn. 2015).

## CONCLUSION

Marston may proceed with a Fourteenth Amendment claim for deliberate indifference to serious medical needs against Dr. Lupis in his individual capacity for money damages. The Court otherwise DISMISSES Marston's claims against Dr. Lupis.

(1) The Clerk shall verify the current work address for Dr. Francesco Lupis with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to that defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver request by no later than the **thirty-fifth (35) day** after mailing. If Dr. Lupis fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on that defendant, and Dr. Lupis shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(2) Dr. Lupis shall file a response to the complaint, either an answer or motion to dismiss, **within sixty (60) days** from the date that the notice of lawsuit and waiver of service of summons forms are mailed to him.

(3) The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

5

(4) The discovery deadline is extended to **six months (180 days)** from the date of this Order. The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures" which the Clerk must send to plaintiff with a copy of this order. The order also can be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders. Note that discovery requests should not be filed with the Court. In the event of a dispute over discovery, the parties should make a good faith effort to resolve the dispute amongst themselves; then, the parties should file the appropriate motion to compel on the docket.

(5) The deadline for summary judgment motions is extended to **seven months (210 days)** from the date of this Order.

(6) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion (i.e., a motion to dismiss or a motion for summary judgment) **within twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the Court may grant the dispositive motion without further proceedings.

(7) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he must indicate all of the case numbers in the notification of change of address. Plaintiff must also notify the defendant or defense counsel of his new address.

(8) Plaintiff shall utilize the Prisoner E-Filing Program when filing documents with the Court. Plaintiff is advised that the Program may be used only to file documents with the Court.

As discovery requests are not filed with the Court, the parties must serve discovery requests on each other by regular mail.

It is so ordered.

Dated at New Haven this 9th day of November 2023.

s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge